**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| MOSES A. SAULSBERRY | CIVIL ACTION |
| VERSUS | No. 07-5395 |
| DANIEL E. EDWARDS, *et al.* | SECTION: I/1 |

<u>ORDER AND REASONS</u>

Before the Court is plaintiff's motion to appeal U.S. Magistrate Judge Sally Shushan's order[1] denying plaintiff's motion[2] to appoint counsel.  For the following reasons, Judge Shushan's order is **AFFIRMED.**

*BACKGROUND*

On September 5, 2007, plaintiff, Moses A. Saulsberry, filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of the First, Second, and Fourth Amendments of the United States Constitution.[3]  Plaintiff claims that he was the victim of a wrongful shooting by members of the Hammond Police Department and the "Tickfaw Law Enforcement agency."[4]  Plaintiff also claims that, subsequent to being shot, he was mistreated by physicians at North

---

[1] Rec. Doc. No. 7.

[2] Rec. Doc. No. 4.

[3] Rec. Doc. No. 1, p. 1, para. 1.

[4] *Id.* at p. 2, para. 8.  Plaintiff fails to state whether the Tickfaw Law Enforcement Agency is a Sheriff's Department or a Municipal Police Department.

Oaks Medical Center[5] and by personnel at the Tangipahoa Parish Jail.[6]

On September 5, 2007, plaintiff filed a motion requesting that the Court appoint counsel to represent plaintiff in this case.[7]  On September 25, 2007, plaintiff's motion was referred to Judge Shushan.[8]  Judge Shushan found that, pursuant to the standards set forth in *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir 1997) and *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982), appointment of counsel was not warranted and she denied plaintiff's motion to appoint counsel.[9]

On October 25, 2007, plaintiff filed this motion appealing

---

[5]Plaintiff alleges that Dr. Brett Chiasson, M.D., plaintiff's treating physician at North Oaks Medical Center, ordered that plaintiff be taken to jail because plaintiff asked for a second opinion.  *Id*. para. 11.

[6]Plaintiff alleges that personnel at the Tangipahoa Parish Jail (1) failed to give plaintiff necessary pain medication, (2) refused to bring plaintiff to a hospital for re-examination, and (3) failed to timely change the bandages covering plaintiff's wounds.  *Id.* paras. 13-14.

[7]Rec. Doc. No. 4.

[8]Rec. Doc. No. 7.

[9]*Id.* at p. 1.  Judge Shushan found that plaintiff's lawsuit is neither factually nor legally complex and that it will not require extensive discovery or pretrial investigation.  *Id.*  Judge Shushan also found that there is no indication that a trial, if one is required, would require skills beyond plaintiff's capabilities.  *Id.* at p. 2.  Judge Shushan explained that this is especially true considering plaintiff is a frequent litigant in this Court and he is well aware of applicable statutes and rules governing prosecution of such actions.  *Id.* (*citing Saulsberry v. Ryan*, Civ. Action No. 04-1480 (E.D. La.); *Saulsberry v. V.A. Medical Center*, Civ. Action No. 04-1529 (E.D. La.); *Saulsberry v. Medical Center of Louisiana*, Civ. Action No. 04-1767 (E.D. La.); and *Saulsberry v. City of New Orleans*, Civ. Action No. 04-1844)).

Judge Shushan's order denying the appointment of counsel.[10]

### LAW AND ANALYSIS

## I.   Standard of Law

### a.  *District Court's Review of a Magistrate Judge's Order*

A magistrate judge's authority to rule on a motion to appoint counsel is pursuant to the referral authority of Federal Rule of Civil Procedure 72(a)[11] and 28 U.S.C. § 636 (2006).[12]  This

---

[10]Rec. Doc. No. 8.  Plaintiff argues that Judge Shushan's order should be reversed and counsel should be appointed for the following reasons:
      (1) Plaintiff is not financially able to afford counsel.  Also, plaintiff has a myriad of Hurricane Katrina problems in addition to his medical bills;
      (2) The issues involved in this case are complex;
      (3) Plaintiff has a limited knowledge of the law;
      (4) The ends of justice would be best served in this cause if an attorney was appointed to represent plaintiff;
      (5) Plaintiff has yet to acquire his law degree, and there are no indications that plaintiff has the necessary professional skills;
      (6) The saying, "only a fool would represent himself," has already proven to be true especially in light of the fact that the cases cited by Judge Shushan have been dismissed on technicalities that were beyond plaintiff's skills to refute; and
      (7) The only reason plaintiff filed previous lawsuits was that he was unable to retain counsel due to "ill practice" of plaintiffs that were in litigation with him.

*Id.*

[11] Rule 72(a) of the *Federal Rules of Civil Procedure* provides, in pertinent part:
            Within 10 days after being served with a copy of the
            magistrate judge's order, a party may serve and file
            objections to the order; a party may not thereafter
            assign as error a defect in the magistrate judge's
            order to which objection was not timely made.  The
            district judge to whom the case is assigned shall
            consider such objections and shall modify or set aside
            any portion of the magistrate judge's order found to
            be clearly erroneous or contrary to law.

[12] Section 636(b)(1)(A) provides, in pertinent part:
            Within 10 days after being served with a copy of the
            magistrate judge's order, a party may serve and file
            objections to the order; a party may not thereafter
            assign as error a defect in the magistrate judge's
            order to which objection was not timely made.  The

Court may modify or set aside a magistrate judge's order only if it is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).

   b.  ***Appointment of Counsel in Civil Rights Action***

   "There is no automatic right to the appointment of counsel in a Section 1983 case."  *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 261 (5th Cir. 1986) (citing *Wright v. Dallas County Sheriff Dept.*, 660 F.2d 623, 625-26 (5th Cir. 1981)).  "A district court should appoint counsel in a civil rights case only if presented with 'exceptional circumstances'."  *Norton*, 122 F.3d at 293.

   The Court should consider four (4) factors when ruling on a request for the appointment of counsel: (1) the type and complexity of the case; (2) whether the indigent is capable of adequately representing his case; (3) whether the indigent is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Ulmer*, 691 F.2d at 213.  "The district court should also consider whether the appointment of counsel would be a service to [the

---

district judge to whom the case is assigned shall
consider such objections and shall modify or set aside
any portion of the magistrate judge's order found to
be clearly erroneous or contrary to law.

plaintiff], and perhaps, the court and defendant . . . ."  *Id.*[13]

Considering the factors articulated in *Ulmer* and based on the information presented, Judge Shushan's refusal to appoint counsel was neither clearly erroneous nor contrary to law.  Plaintiff has not shown (1) that the issues in his case are complex,[14] (2) that plaintiff is incapable of adequately representing himself,[15] (3) that plaintiff is not in a position to adequately investigate this case,[16] or (4) that the evidence in this lawsuit will consist, in

---

[13]The United States Fifth Circuit Court of Appeals in *Ulmer* suggested that the benefit resulting from the appointment of counsel could include "sharpening the issues in the case, shaping the examination of witnesses, shortening the trial, and assisting in a just determination."  *Ulmer*, 691 F.2d at 213.

[14]Plaintiff offers his complaint and certain correspondence as evidence of the complex issues in this case.  However, these documents simply recite the facts related to this case and fail to demonstrate that Judge Shushan abused her discretion in refusing to appoint counsel for plaintiff.  *See, e.g., Salmon v. Corpus Christi Indep. School Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990), *Ponce v. Diaz*, 32 Fed. Appx. 127 (5th Cir. 2002).

[15]As Judge Shushan noted in her order denying plaintiff's motion to appoint counsel, plaintiff is a frequent litigant in this Court.  Rec. Doc. No. 7; *See Saulsberry v. Ryan*, Civ. Action No. 04-1480 (E.D. La.); *Saulsberry v. V.A. Medical Center*, Civ. Action No. 04-1529 (E.D. La.); *Saulsberry v. Medical Center of Louisiana*, Civ. Action No. 04-1767 (E.D. La.); and *Saulsberry v. City of New Orleans*, Civ. Action No. 04-1844).  In each of the cases cited by Judge Shushan, plaintiff represented himself.
With respect to this lawsuit, the Court finds nothing to indicate that plaintiff is incapable of representing himself once again.  Plaintiff is a high school graduate, he has obtained some college credits, and he has represented himself sufficiently to this point as evidenced by his ability to timely file motions and appeals.  *See Saulsberry v. V.A. Medical Center*, Civ. Action No. 04-1529 (Rec. Doc. No. 24, p. 6.); *see, e.g., Salmon*, 911 F.2d at 1166; *Ponce*, 32 Fed. Appx. 127.
The Court is not persuaded by plaintiff's argument that he has been unable to obtain counsel independently.  Considering plaintiff's education and past ability to represent himself, the inability to independently obtain counsel does not, in and of itself, merit the appointment of counsel.  *Salmon*, 911 F.2d at 1166.

[16]In his motion appealing Judge Shushan's order, plaintiff does not suggest that he is incapable of investigating the issues related to this case.

large part, of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[17]

The Court recognizes that there would be some benefit to appointing counsel in this case, i.e., this lawsuit would proceed more expeditiously.  However, the mere fact that there would be some benefit to appointing counsel for plaintiff does not create an "exceptional circumstance" as required by *Norton*.  *See, e.g., Hipps v.* Sparkman, 2007 WL 679647, at *2 (N.D. Miss. Mar. 1, 2007); *see also Norton*, 122 F.3d at 293.

Accordingly,

**IT IS ORDERED** that Judge Shushan's order is **AFFIRMED**.


New Orleans, Louisiana, December _____10th_____, 2007.


_____
                    LANCE M. AFRICK
            **UNITED STATES DISTRICT JUDGE**

---

[17]Judge Shushan found that there is nothing indicating "that a trial [in this matter], if one is required, will require skills beyond plaintiff's capabilities."  Rec. Doc. No. 7.  Plaintiff responds to this statement by claiming that he is an ordinary citizen and that he lacks the skill required to present his case at trial.  Rec. Doc. No. 8, p. 1, para. 5.  Plaintiff only provides the Court with "bare conclusory" statements concerning plaintiff's ability to present evidence, which are insufficient to establish that Judge Shushan abused her discretion in refusing to appoint counsel.  *See, e.g., Salmon*, 911 F.2d at 1166.