```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

**MOSES A. SAULSBERRY**                                    **CIVIL ACTION**

**versus**                                                 **No. 07-5395**

**DANIEL E. EDWARDS,** *et al.*                            **SECTION: "I"/1**

ORDER AND REASONS

Before the Court are defendant's, Dr. Brett Chiasson, M.D., ("Chiasson"), motion to dismiss plaintiff's Section 1983 action against Chiasson pursuant to Rule 12(b)(6) and motion to dismiss plaintiff's medical malpractice claims against Chiasson pursuant to Rule 12(b)(1).  For the following reasons, Chiasson's motion to dismiss plaintiff's Section 1983 action against Chiasson is **GRANTED**, plaintiff's supplemental state-law claims against Chiasson are **DISMISSED**, and Chiasson's motion to dismiss pursuant to Rule 12(b)(1) is **DISMISSED AS MOOT**.

*BACKGROUND*

On September 5, 2007, plaintiff, Moses A. Saulsberry ("Saulsberry"), filed a complaint pursuant to 42 U.S.C.A. § 1983 alleging violations of the First, Second, and Fourth Amendments of the United States Constitution.[1]  In addition to his Section 1983 action, Saulsberry filed supplemental state-law claims alleging violations of Article I § 20 of the Louisiana Constitution and

---

[1] Rec. Doc. No. 1, p. 1, para. 1.

Articles 2315 and 2320 of the Louisiana Civil Code.[2]

Saulsberry claims that he was the victim of a wrongful shooting by members of the Hammond Police Department and the "Tickfaw Law Enforcement agency."[3] Saulsberry also claims that, subsequent to being shot, he was mistreated by Chiasson, alleged by Saulsberry to be a surgeon at North Oaks Medical Center.[4]

Saulsberry's specific allegations against Chiasson include: (1) Chiasson's actions with respect to Saulsberry constituted deliberate indifference in violation of the Eighth Amendment of the United States Constitution; (2) Chiasson's actions with respect to Saulsberry constituted excessive and unreasonable force in violation of Article I § 20 of the Louisiana Constitution; (3) Chiasson negligently confined Saulsberry in violation of La. Civ. Code Ann. art. 2315; (4) Chiasson negligently abused Saulsberry in violation of La. Civ. Code Ann. art. 2315; (5) Chiasson is responsible for the acts and omissions of his employees pursuant to La. Civ. Code Ann. art. 2320; and (6) the actions and inactions of Chiasson's employees constituted intentional, reckless, and/or negligent infliction of emotional distress and physical injury in violation of Louisiana law, and Chiasson is liable pursuant to the

---

[2] *Id.*  Saulsberry alleges that the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C.A. § 1367. *Id.*

[3] *Id.* at p. 2, para. 8.  Plaintiff fails to state whether the "Tickfaw Law Enforcement agency" is a sheriff's department or a municipal police department.

[4] Rec. Doc. No. 1, p. 3, paras. 11-12.

doctrine of respondeat superior.[5]

On November 13, 2007, Chiasson filed these motions requesting that Saulsberry's Section 1983 action against Chiasson be dismissed pursuant to Rule 12(b)(6) and that Saulsberry's medical malpractice claims against Chiasson be dismissed pursuant to Rule 12(b)(1). Saulsberry filed no opposition to Chiasson's motions.

### LAW AND ANALYSIS

**I.   *Rule 12(b)(6) Standard***

In order to survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929, 75 USLW 4337 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*

The court will not look beyond the factual allegations in the complaint to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In assessing a claim, a court must liberally construe all factual allegations in the light most favorable to the plaintiff.  *See Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

---

[5]*Id.* paras. 30-36.

"However, '[i]n order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations.'"  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)).

The "complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). A plaintiff "is merely required to provide, in his complaint, a 'short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests.'"  *Lewis v. Fed. Reserve Bank of Atlanta-New Orleans Branch,* 2004 WL 2035006, at *3 (E.D. La. Sept. 10, 2004) (quoting *Conley,* 355 U.S. at 47, 78 S. Ct. at 103).  A complaint must allege sufficient facts for an inference to be drawn that the elements of the claim exist. *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990).

Should a plaintiff fail to sufficiently plead his complaint, the Federal Rules of Civil Procedure evince a bias in favor of granting leave to amend.  *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006).  "Generally, when a court dismisses a complaint under Rule 12, the court should allow the plaintiff leave to amend his complaint."  *La Porte Constr. Co. v. Bayshore Nat'l*

*Bank*, 805 F. 2d 1254, 1256 (5th Cir. 1986).

## II. *Saulsberry's Section 1983 Action*

"To state a cause of action [pursuant to] 42 U.S.C.A. § 1983, Plaintiffs must allege that the defendants acted '*under color of law*' and that the defendants deprived them of their constitutional rights."  *Hey v. Irving*, 161 F.3d 7, at *2 (5th Cir. 1998). (emphasis added).  In order to establish a Section 1983 cause of action against a private citizen, a plaintiff must allege that the private citizen "jointly engaged with state officials in the challenged action."  *Id; see also Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (When stating a cause of action against a private citizen, a plaintiff must allege that (1) there was an agreement between the private citizen and a public defendant to commit an illegal act and (2) the illegal act agreed upon resulted in a deprivation of plaintiff's constitutional rights).

While Saulsberry alleges that Chiasson deprived Saulsberry of his Eighth Amendment rights, Saulsberry fails to allege that Chiasson acted "under color of law."  Further, Saulsberry fails to allege that Chiasson entered into an agreement with state officials which resulted in a deprivation of Saulsberry's constitutional rights.  Saulsberry has failed to state a cause of action pursuant to 42 U.S.C.A. § 1983.

Accordingly,

**IT IS ORDERED** that Chiasson's motion to dismiss Saulsberry's Section 1983 claim against Chiasson pursuant to Rule 12(b)(6) is

**GRANTED** and Saulsberry's federal claim is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Saulsberry's supplemental state-law claims against Chiasson are **DISMISSED.**[6]

**IT IS FURTHER ORDERED** that Chiasson's motion to dismiss pursuant to Rule 12(b)(1) is **DISMISSED AS MOOT.**

New Orleans, Louisiana, January __8th__, 2008.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[6] The federal claim to which these state-law claims were related, Saulsberry's Section 1983 action against Chiasson, has been dismissed. Further, no trial date or other deadlines have been established. In situations such as this, dismissal of supplemental state-law claims is favored. *See, e.g., Dixon v. Ford Motor Credit Co.*, 252 F.3d 1356, at *2 (5th Cir. 2001).