UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MOSES A. SAULSBERRY** | **CIVIL ACTION** |
| **versus** | **No. 07-5395** |
| **DANIEL E. EDWARDS,** *et al.* | **SECTION: "I"/1** |

ORDER AND REASONS

Before the Court is defendant's, Tickfaw Mayor Anthony Lamonte's ("Lamonte"), motion to dismiss plaintiff's claims against Lamonte pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the following reasons, Lamonte's motion is **GRANTED** with respect to plaintiff's Section 1983 action against Lamonte and plaintiff's supplemental state-law claims against Lamonte are **DISMISSED**.

*BACKGROUND*

On September 5, 2007, plaintiff, Moses A. Saulsberry ("Saulsberry"), filed a complaint pursuant to 42 U.S.C.A. § 1983 alleging violations of the First, Second, and Fourth Amendments of the United States Constitution.[2] In addition to his Section 1983 action, Saulsberry filed supplemental state-law claims alleging violations of Article I § 20 of the Louisiana Constitution and

---

[1] Rec. Doc. No. 43.

[2] Rec. Doc. No. 1, p. 1, para. 1.  Saulsberry claims that he was the victim of a wrongful shooting by members of the Hammond Police Department and the "Tickfaw Law Enforcement agency." *Id.* para. 8.  Saulsberry fails to state whether the Tickfaw Law Enforcement agency is a sheriff's department or a municipal police department.

1

Articles 2315 and 2320 of the Louisiana Civil Code.[3]

Saulsberry alleges that: (1) the actions and inactions of Lamonte's employees violated Saulsberry's Eighth Amendment rights; (2) the actions of Lamonte's employees with respect to Saulsberry constituted a violation of Article I § 20 of the Louisiana Constitution; (3) Lamonte's employees negligently confined Saulsberry in violation of La. Civ. Code Ann. art. 2315; (4) Lamonte's employees negligently abused Saulsberry in violation of La. Civ. Code Ann. art. 2315; (5) Lamonte is responsible for the acts and omissions of his employees pursuant to La. Civ. Code Ann. art. 2320; and (6) the actions and inactions of Lamonte's employees constituted intentional, reckless, and/or negligent infliction of emotional distress in violation of La. Civ. Code Ann. art. 2320. According to Saulsberry, Lamonte is liable pursuant to the doctrine of respondeat superior.[4]

On February 1, 2008, Lamonte filed this motion requesting that Saulsberry's claims against Lamonte be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Lamonte argues that Saulsberry fails to demonstrate that Lamonte may be held liable under Section 1983 as a supervisory official and, as such, Saulsberry's Section 1983 action and supplemental state-law claims

---

[3]*Id.*  Saulsberry alleges that the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C.A. § 1367.  *Id.*

[4]Rec. Doc. No. 1, pp. 7-8, paras. 42-47.

2

against Lamonte should be dismissed as frivolous.[5]  Alternatively, Lamonte argues that Saulsberry's claims against Lamonte have prescribed and, therefore, should be dismissed.[6]  Saulsberry filed no opposition to Lamonte's motion.

### *LAW AND ANALYSIS*

### I. *REVIEW OF ACTIONS FILED IN FORMA PAUPERIS*

In an action filed *in forma pauperis*, such as the instant lawsuit,[7] federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>    (i)  is frivolous or malicious;
>    (ii)  fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint.  *Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

---

[5]Rec. Doc. No. 43-2, p. 4.

[6]*Id*. at p. 5.

[7]Rec. Doc. No. 3.

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Booker*, 2 F.3d at 115 & n.6.

## II. *SAULSBERRY'S SECTION 1983 ACTION AGAINST FOSTER*

It is well settled that "[t]here is no vicarious liability . . . of supervisors under section 1983." *Rios v. City of Del Rio*, 444 F. 3d 417, 425 (5th Cir. 2006) (citing *Thompkins v. Belt,* 828 F. 2d 298, 303-04 (5th Cir. 1987); *see also Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). However, supervisory officials may be held liable pursuant to Section 1983 if, (1) the officials affirmatively participate in acts that cause constitutional deprivation; or (2) the officials implement unconstitutional policies that causally result in plaintiff's injury. *Baker v. Putnal*, 75 F. 3d 190, 199 (5th Cir. 1996); *Lentworth v.* Potter, 2007 WL 4183778, at *2 (5th Cir. 2007); see *also Rios*, 444 F. 3d at 425; *Scribner v. Linthicum*, 232 Fed. Appx. 395, 396-97 (5th Cir. 2007).

A supervisory official may also be held liable under Section 1983 for the actions of his subordinates "when the supervisor himself breached a duty imposed by state or local law and this

4

breach caused plaintiff's constitutional injury." *Ham v. Brice*, 203 Fed. Appx. 631, 633 (5th Cir. 2006). "To hold a supervisory official liable under this theory, 'the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link existed between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounted to deliberate indifference.'" *Id.* (quoting *Smith v. Brenoettsy*, 158 F. 3d 908, 911 (5th Cir. 1998)).

Saulsberry fails to allege that Lamonte engaged in any behavior that may subject Lamonte to liability under Section 1983 as a "supervisory official." Although the Court has broadly construed Saulsberry's complaint,[8] the Court finds that Saulsberry's Section 1983 action against Lamonte must be dismissed as frivolous for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS ORDERED** that Lamonte's motion to dismiss is **GRANTED** with respect to Saulsberry's Section 1983 action against Lamonte and that said action is **DISMISSED WITH PREJUDICE** as frivolous.

**IT IS FURTHER ORDERED** that Saulsberry's supplemental state-law

---

[8] The court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

5

claims against Lamonte are **DISMISSED WITHOUT PREJUDICE**.[9]

New Orleans, Louisiana, February  19th , 2008.

                                                    _____
                                                            LANCE M. AFRICK
                                                    UNITED STATES DISTRICT JUDGE

---

[9] The Court need not determine whether Saulsberry's supplemental state-law claims against Lamonte are frivolous.  The federal claim to which these state-law claims were related, Saulsberry's Section 1983 action against Lamonte, has been dismissed.  Further, no trial date or other deadlines have been established.  In situations such as this, dismissal of supplemental state-law claims is favored.  *See, e.g., Dixon v. Ford Motor Credit Co.*, 252 F.3d 1356, at *2 (5th Cir. 2001).

The Court also need not determine whether Saulsberry's claims against Lamonte have prescribed in light of the Court's findings herein.